IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL JOVANOVIC a/k/a PAVIC JOVANOVIC, )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>NIPPON EXPRESS U.S.A. INC.,  )<br>)<br>Defendant.  ) | <br><br><br><br>No.<br><br>Jury Trial Requested<br><br> |

## COMPLAINT

NOW COMES, the Plaintiff, Paul Jovanovic a/k/a Pavic Jovanovic, by and through his attorney, Anthony J. Peraica of Anthony J. Peraica & Associates, Ltd., complain against the Defendant, Nippon Express U.S.A. Inc., and allege as follows:

1. This is an action brought under Title VII of the Civil Rights Act of 1964, as amended.

2. Jurisdiction is proper pursuant to 28 U.S.C. §1343, which confers original jurisdiction in a civil action to redress the deprivation of any right, privilege, or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States under color of any State law, statute, ordinance, regulation, custom, or usage, and to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.

3. Jurisdiction is also proper pursuant to 28 U.S.C. §1331, which confers original jurisdiction in a civil action arising under the Constitution or laws of the United States, and under 28 U.S.C. §1367, which confers supplemental jurisdiction over the state law claims. Supplemental jurisdiction over any state claims is pursuant to 28 U.S.C. §1376.

4. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b) and 1391(c), because the events or omissions giving rise to the claims alleged herein occurred and continue to occur within this District.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Exhibit A. The EEOC issued a Right To Sue letter on September 30, 2022. Exhibit B.

**PARTIES**

6. Plaintiff Paul Jovanovic a/k/a Pavic Jovanovic is a resident of the City of Chicago, County of Cook, State of Illinois.

7. Plaintiff is a Caucasian male, over the age of 40.

8. Plaintiff Jovanovic was employed by Nippon Express USA Inc. from February 2021 until August 9, 2022. His most recent position title was Internal Audit Manager.

9. Defendant Nippon Express U.S.A. Inc. is a fully owned subsidiary of Nippon Express a global logistics consultant and corporation. Nippon Express USA Inc. is incorporated in the State of New York and has a head office located at 800 N. Illinois Route 83, Wood Dale, Illinois 60191.

10. Defendant Nippon Express USA Inc. provides logistics solutions and comprehensive transportation services through its international freight forwarding and logistics network, including specialized handling of: air, land, sea and express packages; all types and sizes of cargo; personal effects and household goods; fragile and perishable freight; and livestock. It also provides related services, such as warehousing, distribution and customs brokerage and clearance. It operates at 55 locations in 27 states within the United States.

11. Upon information and belief, Defendant Nippon Express U.S.A. Inc. has over 48,000

employees.

## FACTS

12. In and around May 2022, Plaintiff was conducting audits for Defendant Nippon Express of its Canadian practices when he noticed there were systematic errors in their system operations.

13. Plaintiff reported the systematic errors to his supervisors.

14. Shortly after reporting the errors, Plaintiff was subject to harassment and different terms and conditions of his employment.

15. Defendant's management and employees created false complaints and sexual harassment allegations against the Plaintiff.

16. Plaintiff notified Defendant of the harassment and complained of being discriminated against as a male.

17. The sexual harassment allegations were unfounded but Defendant continued to treat Plaintiff differently than other internal audit managers.

18. Plaintiff continued to be harassed by Defendant's employees and complaint of retaliation.

19. On or about August 9, 2022, Plaintiff was discharged from his employment with the Defendant.

**COUNT I: REVERSE-GENDER DISCRIMINATION AND RETALIATION--TITLE VII**

20. Plaintiff restates and incorporates paragraphs 1 through 19 as if fully set forth herein as paragraph 20.

21. Plaintiff is a Caucasian male.

22. Plaintiff has undergone reverse gender discrimination at the hands of his employer,

the Defendant.

23. Defendant had a job position called Internal Audit Manager but did not hold each employee assigned that position to the same standard.

24. Defendant discriminated against the Plaintiff for notifying the Defendant of systematic errors he located during an audit.

25. Upon information and belief, during the course of Plaintiff's employment with the Defendant, Defendant, by and through its agents and employees, including but not limited to persons acting as supervisors over Plaintiff, engaged in reverse gender discrimination of Plaintiff in various ways, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq.

26. Upon information and belief, during the course of Plaintiff's employment, Defendant, by and through its agents and employees, including but not limited to persons acting as supervisors over Plaintiff, engaged in adverse employment actions towards Plaintiff in violation Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq. on ground of Plaintiff's sex/gender being male.

27. Defendant failed to take all reasonable and necessary steps to eliminate gender/sex harassment from the workplace and to prevent it from occurring in the future.

28. As a direct and proximate result of the reverse gender discrimination in the work place by the Defendant, Plaintiff was terminated from his employment, lost income, lost benefits and his reputation has been damaged.

29. Defendants' conduct as described above was willful, wanton, malicious, and done in reckless disregard for the safety and well-being of Plaintiff.

30. As a further direct and proximate result of Defendant's violation of Title VII of the

Civil Rights Act of 1964 et. seq. as described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce Plaintiff's rights against the Defendant, and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff.

WHEREFORE, Plaintiff, Paul Jovanovic a/k/a Pavic Jovanovic, prays that this Honorable Court enter judgment in his favor and against Defendant, for the following relief:

A. An award of damages for pecuniary injury including but not limited to lost wages, past and future, overtime, benefits, and impairment of power to earn money;

B. An award of damages for non-pecuniary injury, including but not limited to emotional distress and humiliation, damage to his reputation, past and future;

C. An award of Plaintiff's costs of suit;

D. An award of Plaintiff's reasonable attorneys' fees; and,

E. An award of such other and further relief as this Honorable Court deems appropriate in the premises.

### COUNT II—RETALIATORY DISCHARGE/WRONGFUL TERMINATION

31. Plaintiff restates and re-alleges paragraphs 1 through 30, as though fully set forth herein as paragraph 31.

32. Defendant retaliated against Plaintiff for filing complaints and reporting activities to the appropriate authorities regarding discriminatory actions.

33. Plaintiff has suffered damages as a result of Defendant Nippon Express USA Inc.'s discriminatory actions, including but not limited to, loss of earnings and emotional and mental anguish.

34. Plaintiff's discharge violates public policy.

5

WHEREFORE, Plaintiff, Paul Jovanovic a/k/a Pavic Jovanovic, prays that this Honorable Court enter judgment for him and against the Defendant, for the following relief:

a. Back pay, including all benefits lost;

b. Front pay;

c. Compensatory damages;

d. Reinstatement to his prior position or equivalent position within close proximity to his home, with opportunities for overtime, promotion, benefits and career advancement similar to those available to Plaintiff prior to his termination;

e. Attorney Fees and costs; and

f. Such other relief as the Court deems proper.

Respectfully submitted,

   s/ Anthony J. Peraica
ANTHONY J. PERAICA

Attorney for Plaintiff Jovanovic
Anthony J. Peraica, ARDC #6186661
Anthony J. Peraica & Associates, Ltd.
5130 S. Archer Avenue
Chicago, Illinois 60632
(773) 735-1700
support@peraica.com